McGUIGAN *v.* NEW YORK CENTRAL RAILROAD COMPANY.

NEGLIGENCE—CRANE OPERATOR—EVIDENCE—SEWER PIPE.
> Finding of trial court in nonjury case that defendant railroad company's crane operator had not been negligent in transferring 18' lengths of 12" sewer pipe from defendant's railroad car to trailer, where he had first objected to adequacy of wooden retainer stakes but had been assured they were all right by plaintiff's foreman in charge of loading the trailer *held,* not against the preponderance of the evidence.

Appeal from Wayne; Murphy (Thomas J.), J. Submitted October 8, 1959. (Docket No. 39, Calendar No. 47,918.)   Decided January 4, 1960.

Case by James J. McGuigan against the New York Central Railroad Company, a Michigan corporation, and Ray Gleason for personal injuries sustained while loading truck-trailer.   Judgment for defendants.   Plaintiff appeals.   Affirmed.

*Robert W. Moss,* for plaintiff.

*William A. Alfs* and *F. L. Wyckoff,* for defendants.

DETHMERS, C. J.   Plaintiff was employed as truck driver by a construction company.   He drove one of its tractor and trailer combinations to defendant railroad company's freight yard for the purpose of

REFERENCES FOR POINTS IN HEADNOTES
3 Am Jur, Appeal and Error § 897 *et seq.*

unloading sewer pipe of his employer from a railroad car and loading it onto the trailer. With him was his foreman and 3 other fellow employees. Defendant Gleason was present, employed as a crane operator by defendant railroad company which was not shown to have had any obligation to unload the pipe. The pipes were approximately 12 inches in diameter and 18 feet long. They were picked up from a railroad car by the crane, which defendant Gleason operated, and placed by it upon the trailer. One of plaintiff's fellow employees was on the railroad car and hooked the pipe, by chain, onto the crane. Plaintiff's foreman told defendant Gleason where to place the pipe on the trailer. Two other fellow employees of plaintiff stood on the trailer and guided the pipe, by hand, into position upon it. The pipes were loaded upon the trailer in pyramid fashion.

The trailer had 2 wooden retainer stakes or stanchions on each side. They were supposed to keep the pipe from spreading and rolling off the trailer. These stakes were described as from 1–1/2 to 2 inches in diameter, as 2 x 4's, and as 3 or 3–1/2 inch poles.

When plaintiff and his fellow employees came to the freight yard for the first load defendant Gleason told them that he did not think the stakes were heavy enough for that type of pipe. They replied that "it was all right, that there would be no weight against them, it was just to keep the pipe from spreading." Thereupon the trailer was loaded with pipe and hauled away in safety. Later plaintiff, his foreman, and fellow employees returned with the tractor and trailer, for a second load, and defendant Gleason again assisted in loading with the crane. When 14 such pipe had been loaded upon the trailer, and after about 5 minutes had passed, plaintiff threw a chain over the pipe for the purpose of binding down the load. As soon as the chain hit the pipes

they began to roll. This broke some of the stanchions and pipe fell to the ground, one of them striking plaintiff's ankle and causing injuries and damages for which this suit was brought.

Plaintiff claimed that his injuries were due to defendant Gleason's negligence in loading the pipe on a trailer which had stanchions of insufficient strength, when he was well aware of this fact. Defendant railroad company, Gleason's regular employer, is included as a defendant under the doctrine of *"respondeat superior."*

The case was heard by a trial judge, without a jury. The judge entered judgment of no cause for action after announcing that he found no negligence on the part of defendants, either as a matter of fact or law. Plaintiff appeals, contending that he sustained his burden of proof by establishing that defendants were negligent and that their negligence was a proximate cause of his injury.

The question so presented by plaintiff amounts to whether the finding of the trial judge that defendants were not shown to be guilty of negligence was against the clear preponderance of the evidence.

Plaintiff, his foreman, and 3 fellow employees were engaged in loading their employer's pipe on its trailer. They knew or had every opportunity to know as much about the strength of the stanchions as did defendant Gleason. He expressed his concern as to the adequacy of the stanchions and was assured by those whose duty it was to load the truck that they were all right. Thereafter he merely placed the pipe where plaintiff's foreman directed. The first load was safely hauled away, confirming the accuracy of the assurance given Gleason. He alone, of the group present, had demonstrated an exercise of caution and care. The court's finding, under these circumstances, that defendant Gleason was not shown to have been negligent, is by no means con-

trary to the clear preponderance of the evidence, but in accord with it.

Affirmed. Costs to defendants.

CARR, KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.